IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas James Burkhart, #288275, | ) | C/A No.: 1:25-9581-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brandon Morin; Nickolas Barker; | ) | |
| Bed Bath and Beyond; George | ) | |
| Robinson; Mary Frances O'Grady; | ) | |
| Joshua Tuper; Mark Christensen; | ) | |
| Dennis Hall; Jeremy Frank; Mike | ) | |
| Murphy; Kevin Creed; Jessica | ) | |
| Abdullah; Dorthy Boyd Hall; Angel | ) | |
| LNU; William McKellar; Farmers | ) | |
| Furniture; Jack Hammick; Michael | ) | REPORT AND |
| Williams; Solomon Turner; | ) | RECOMMENDATION |
| President Donald Trump; Bryan | ) | |
| Stirling; Richard Sullivan; Jeremy | ) | |
| Frank; Justin Poindexter; Ashley | ) | |
| Myer; Aiken County Sheriffs | ) | |
| Department; Aiken City Police | ) | |
| Department; Jackson City Police; | ) | |
| Savannah River Site; Chicago | ) | |
| Bridge and Iron; South Carolina | ) | |
| Department of Corrections; | ) | |
| Turbeville Correctional; Google; | ) | |
| Linkdin; ViaPath LLC; | ) | |
| www.gettingout.com; Touch Pay | ) | |
| Holdings LLC, a/k/a GTL Financial | ) | |
| Services; Connectnetwork.com; | ) | |
| Westlaw National Reporter | ) | |
| System; Carpenters & Millwrights | ) | |
| Local 283 Union; Patience | ) | |
| Barkhart Stone; Tom Jenkins, | ) | |
| | ) | |
| Defendants. | ) | |

Thomas James Burkhart ("Plaintiff") alleges his rights were violated related to his arrest in 2018. He also alleges violations of other federal statutes as detailed further below. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this matter be summarily dismissed.

I.     Factual and Procedural Background

Plaintiff's complaint does not follow chronological order and has blanks that appear to omit names. His allegations are not comprehensible as a claim. For instance, he alleges:

> On morning of Oct. 9, 2018 Brandon Morin and Chief Rushton were dispatched to Green Pond Rd. and North Silverton to a 911 disturbance call. After a conversation with Deputy Morin, I decides to call my step father to leave my house for the day due to my wife at the time _____ because of an argument between her and Plaintiff when he arrived home to find _____ with her neck fire red with rope burn or night of extremely rough sex.

[ECF No. 1-1 at 3 (blanks included to demonstrate blanks by Plaintiff)]. Plaintiff next alleges he filed for divorce because of adultery, but that in 2023 the Family Court treated it as a divorce based on one year's separation because there was no marital property. *Id.* at 5. He claims the Family Court did not admit Plaintiff's list of marital property. *Id.*

2

Plaintiff then[1] appears to return to 2018 and states he advised Morin that Plaintiff did not have permission to enter again, but he does not specify the address or who resided at the address at issue. He next alleges he was arrested on October 13, 2018, "due to intentional and willfull acts of Aiken County Sheriff's Office employees and U.S. based corporations all listed Defendants in this cause of Action." *Id.* at 7 (errors in original).

Plaintiff also states he is bringing a claim of civil conspiracy, and lists requirements for such a claim, but does not provide factual allegations demonstrating the requirements. [ECF No. 1-1 at 2]. Further, Plaintiff states he is bringing claims pursuant to the "Federal 'Privacy Act,'" 42 U.S.C. § 1983, state law civil conspiracy, the Fair Labor Standards Act, and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. §1320d et seq. *Id.* at 3–15. Plaintiff seeks monetary damages.

On August 11, 2025, the undersigned issued orders (1) directing Plaintiff to submit documents necessary to bring this case into proper form and (2) advising Plaintiff of the deficiencies of his complaint and permitting him until September 2, 2025, to file an amended complaint. [ECF Nos. 5, 6]. Plaintiff has filed no responses.

---

[1] Plaintiff uses page numbers for his attachment, but it appears he may have failed to include pages 6 and 7.

II.   Discussion

    A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally

4

construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

 B. Analysis

  1. Insufficient Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Here, Plaintiff makes conclusory statements of civil conspiracy and constitutional violations, but fails to provide factual allegations to support the claims. Further, Plaintiff does not mention the majority of the defendants in his statement of the claim. As such, Plaintiff's claims are subject to summary dismissal.

### 2. Federal Privacy Act

The Privacy Act, 5 U.S.C. § 552a, "provides that, under certain circumstances, an individual harmed by an agency's violation of provisions of the Act, may maintain a civil action for damages in federal district court against the agency." *Anderson v. Higgans*, No. 3:08-cv-3654-RBH, 2008 WL 5378219, at *3 (D.S.C. Dec. 18, 2008) (citing 5 U.S.C. § 552a(g)(1)(D) and *Doe v. Chao*, 435 F.3d 492, 495 (4th Cir. 2006)). "The Privacy Act contains only two substantive sections, Section 3, which applies only to federal agencies, and Section 7, which applies to federal, state, and local agencies." *White v. Cain*, No. 2:10-cv-01182, 2011 WL 1087489, at *6 (S.D. W. Va. Mar. 21, 2011) (citing *Schweir v. Cox*, 340 F.3d 1284, 1287–88 (11th Cir. 2003)). "The [Privacy] Act gives agencies detailed instructions for managing their records

and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements," *Doe v. Chao*, 540 U.S. 614, 618 (2004), and Section 3 provides a comprehensive remedial scheme for violations of the Privacy Act by federal agencies, *Tankersley v. Almand*, 837 F.3d 390, 407 (4th Cir. 2016). Importantly, however, the enforcement provision of Section 3, which expressly provides for a private cause of action, applies only to federal agencies. 5 U.S.C. § 551a(g)(1); *see Dittman v. California*, 191 F.3d 1020, 1026 (9th Cir. 1999); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983); *Wren v. Harris*, 675 F.2d 1144, 1148 n.8 (10th Cir. 1982); *see also Sturkey v. Ozmint*, No. 8:07-1502-MBS-BHH, 2008 WL 373610, at *1 (D.S.C. Feb. 7, 2008) ("The Privacy Act of 1974, 5 U.S.C. § 552a limits the kind of information that can be collected or disclosed by federal agencies and furnishes a private cause of action against a federal agency for violating the Act's provisions. The Act does not apply to state agencies such as SCDC."). Here, Plaintiff has not alleged that any defendant is a federal agency, and therefore has not set forth a viable claim pursuant to the Privacy Act.

    3.    Fair Labor Standards Act

Plaintiff does not allege any specific defendant violated the FLSA or provide any facts as to how the FLSA applies, 29 U.S.C. § 201 et seq., and his claim is subject to summary dismissal on that basis. Additionally, the statute

of limitations for "willful" violations of the FLSA is three years, while ordinary violations entail a two-year statute of limitations. 29 U.S.C. § 255(a). A willful violation occurs when employers who "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]" have willfully violated the statute. *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358 (4th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). According to a search of the website of the South Carolina Department of Corrections ("SCDC"), Plaintiff appears to have been incarcerated in the custody of SCDC since 2020.[2] Therefore, it appears any alleged violation of the FLSA prior to Plaintiff's incarceration will be barred by the statute of locations.

    4.    HIPAA

Plaintiff alleges his HIPAA rights were violated when SCDC officials opened his mail containing health records. However, there is no private right of action under HIPAA. *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021). Therefore, Plaintiff's claim under HIPAA is subject to summary dismissal.

---

[2] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

5.  Claims pursuant to § 1983

Although Plaintiff provides allegations related to his 2018 arrest and claims violations of § 1983, he fails to allege any specific action that violated his constitutional rights. To the extent he claims any alleged action by a defendant wrongly led to his arrest, his claim is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court stated the following:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87.

In addressing a claim for damages, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. To the extent Plaintiff is challenging a conviction or actions leading to his conviction, judgment in his favor in this case would necessarily imply the invalidity of

9

the conviction. Because Plaintiff fails to demonstrate he has successfully challenged these convictions and sentences, *Heck* bars his claims.

6. Civil Conspiracy

In addition to Plaintiff having failed to allege facts necessary for a claim of civil conspiracy, the court does not have independent jurisdiction over his civil conspiracy claim. Although he has alleged federal causes of action, some of which may provide supplemental jurisdiction for a state law claims, these federal claims are factually devoid and subject to summary dismissal.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be dismissed without further leave for amendment.

IT IS SO RECOMMENDED.

September 5, 2025　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).